**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harvey Lloyd Hayden,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Prestige Horizons, et al.,<br><br>　　　　Defendants. | No. CV-19-00335-TUC-DCB<br><br>**ORDER** |

　　On May 6, 2020, the Plaintiff sent a letter to the Court, which the clerk docketed as a Notice. (Doc. 13.) The letter explains the difficulties related to serving the Defendants. It appears that there is some subterfuge at play, but with the assistance of the Arizona Attorney General's Office, the Plaintiff may be able to serve at least some of the entities relevant to the Prestige Horizon operations. The current deadline for effecting service is May 18, 2020. It appears to the Court that the letter, docketed as a Notice, should have been docketed as a Motion for Extension of Time to Serve Defendants.

　　The Plaintiff is also in the process of amending the Complaint to name the numerous entities that are allegedly responsible for the Prestige Horizon operations. This amendment came to the Court's attention through another letter sent to the Court, which the Clerk docketed as a Motion for Leave to Amend. (Doc. 12.) The Court was not able to grant leave to amend because the letter was not the proper procedural presentation of such a request. The Court notes that it was not at all clear from the first letter related to the amendment that the new defendants the Plaintiff was proposing to add were in fact

related to the Prestige Horizon operations which are the subject of the Plaintiff's case. This only became apparent through the second letter, with the email from the Arizona Attorney General being especially helpful. At this time, service on the currently named Defendants can be made. Service on any new Defendants will have to wait until the amendment, which must be filed in accordance with the directives of the Court's last Order (Doc. 14.)

The Court is sympathetic to the Plaintiff's situation, but he must begin to comply with relevant procedural rules for filing. It is not appropriate to send a letter to the Court, requiring the Clerk and this Court to guess at its meaning. In its last Order, the Court referred the Plaintiff to this Court's website: www.azd.uscourts.gov at Rules, General Orders & Forms, and there is also information on the website for "Those Proceeding Without an Attorney." Again, the Court refers the Plaintiff to its website and the requirement that he comply with the Federal Rules of Civil Procedure and the Local Rules. Before filing any other document, the Plaintiff shall review Local Rule 7.1 to ensure all future filings conform to this Rule, or they may be subject to being stricken by the Court.

**Accordingly,**

**IT IS ORDERED** that the Notice (Doc 13) shall be treated as a Motion for an Extension of Time to Serve Defendants, which is GRANTED to: **June 18, 2020.** Plaintiff shall file proofs of service in conformance with Fed. R. Civ. P. 4(l).

Dated this 12th day of May, 2020.

Honorable David C. Bury
United States District Judge