**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harvey Lloyd Hayden, | No. CV-19-00335-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Prestige Horizons, et al., | |
| Defendants. | |

Again, the Plaintiff has sent a letter to the Court, which this Court previously instructed him to not do. (Order (Doc. 16) at 2 (referring the Plaintiff to Local Rule 7.1, which can be found on this Court's website, www.azd.uscourts.gov at Rules, General Orders & Forms, Local Rules, Local Rules of Civil Procedure (2019-2020). The Court will try once more to explain that he cannot send letters to the Court. His filings should look similar to the format being used here by the Court for this Order. To the right side of the caption where this document says Order, the Plaintiff should write what his document is: Motion for . . . or Notice to . . . , Complaint or in this case Second Amended Complaint, or Response, or Reply. The Clerk of the Court docketed the June 5, 2020, letter as Motion to Amend Complaint. (Doc. 23.) He, also, sent another letter on May 26, 2020, (Doc. 22), which the Clerk of the Court docketed as a motion to extend time for service. The Court is inclined to strike both documents but will give the Plaintiff one more chance to comply with the directive: <u>Do Not Send Letters to the Court</u>. All future letters shall be stricken.

The Court directs the Clerk of the Court to docket the Complaint (Doc. 23-1) as Second Amended Complaint.[1]

The Court finds that the Affidavit and Return of Service notices that were filed by the Plaintiff (Docs. 15, 17-20) are ineffective. The Plaintiff must serve the Second Amended Complaint and Summons, simultaneously, on the Defendants. Fed. R. Civ. P., Rule 4(c) (summons shall be served with copy of the complaint). The Court has reviewed the Second Amended Complaint, which alleges claims only against the following Defendants: Prestige Horizons, an Arizona corporation, Granite Hobbs, owner of Prestige Horizons, and Todd R. Johnson, Co-owner of Prestige Horizons. The remainder of the defendants are dismissed because there are absolutely no facts alleged against them. Pursuant to Rule 12(b)(6), a court may dismiss a claim *sua sponte* for failure to state a claim when the plaintiff "cannot possibly win relief." *Omar v. Sea–Land Service, Inc.,* 813 F.2d 986, 991 (9th Cir.1987). The Defendants the Court dismisses are persons related to a "new company" started subsequent to the facts giving rise to this litigation, the new company, and other entities related to that new company. He also names the Arizona Corporation Commission, without alleging any facts even suggesting a claim against it.

**Accordingly,**

**IT IS ORDERED** that the Motion to File a Second Amended Complaint (Doc. 23) is GRANTED; the Clerk of the Court shall file Document 23-1 into the record as the Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants are dismissed as follows; Windy M. Vizzerra, David Cutler, Arizona Corporation Commission, New Beginnings RV, Financial Services Unlimited, Ranch Investment Services, and MATJ Management Services,

---

[1] The Plaintiff should have written "Second Amended" next to "Complaint for a Civil Case," because he filed the Complaint on June 28, 2019, (Doc. 1) and the First Amended Complaint on July 12, 2019 (Doc. 5), making this document the Second Amended Complaint.

**IT IS FURTHER ORDERED** that the Motion to Extend the Time for Service (Doc. 22) is GRANTED for 45 days. NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED.

**IT IS FURTHER ORDERED** that the Plaintiff shall obtain a Summons from the Clerk of the Court for Prestige Horizons, Granite Hobbs, and Todd R. Johnson and serve each with a Summons and copy of the Second Amended Complaint.

**IT IS FURTHER ORDERED** that the Plaintiff shall serve Prestige Horizons, alternatively, pursuant to the Rules of Civil Procedure for the Superior Courts of Arizona (Arizona R. Civ. P.),[2] Rule 4.1(j) by serving the Arizona Corporation Commission. In the event this is impracticable, the Plaintiff shall file an affidavit attesting to that impracticability and serve Defendant Prestige Horizons alternatively by mail and notice pursuant to Arizona R. Civ. P., Rule 4.1(k)(2). In the event he makes service on Prestige Horizons by mail, he shall also serve Prestige Horizons by mailing its Summons and copy of the Second Amended Complaint to co-owner Todd R. Johnson.

**IT IS FURTHER ORDERED** that the Plaintiff may serve Defendant Todd R. Johnson pursuant to any means provided for under Federal Rules of Civil Procedure, Rule 4.

**IT IS FURTHER ORDERED** that the Court finds it is impracticable to serve Defendant Granite Hobbs pursuant to Arizona Rule 4.1(c), and therefore directs alternative service to be made pursuant to Arizona R. Civ. P. 4.1(k) by Notice and Mailing to his last-known business or residential address.

**IT IS FURTHER ORDERED** that the Plaintiff SHALL NOT SEND ANY FURTHER LETTERS TO THE COURT. ALL FUTURE LETTERS SHALL BE STRICKEN.

**IT IS FURTHER ORDERED** that the Plaintiff shall affect service pursuant to the directives of this Order and file proofs of such service with this Court within 45 days of the filing date of this Order; NO FURTHER EXTENSIONS OF TIME SHALL BE

---

[2] Plaintiff is responsible for obtaining a copy of and reviewing Arizona Rules of Civil Procedure, Rule 4.1.

1  GRANTED. This case may be subject to dismissal without further notice to the Court in
2  the event the Plaintiff fails to comply with the directives contained in this Order.
3      Dated this 24th day of June, 2020.

_____
Honorable David C. Bury
United States District Judge