**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harvey Lloyd Hayden,<br><br>    Plaintiff,<br><br>v.<br><br>Prestige Horizons, et al.,<br><br>    Defendants. | No. CV-19-00335-TUC-DCB<br><br>**ORDER** |

On June 28, 2019, the Plaintiff filed the Complaint and filed an Amended Complaint on July 12, 2019. The Court issued an order to show cause on December 18, 2019, because the Plaintiff had failed to serve the Amended Complaint. Since then, the Court has issued one order after another explaining the rules of service to the Plaintiff to no avail. The last Order issued by the Court was on June 25, 2020. (Doc. 24.) Plaintiff has again failed to serve Defendants within the time allowed by the Court.

On June 25, 2020, the Court allowed the Plaintiff to file the Second Amended Complaint, dismissed all the Defendants except for Granite Hobbs, Todd Johnson, and Prestige Horizons, and ordered the following: "The Plaintiff must serve the Second Amended Complaint and Summons, simultaneously, on the Defendants. Fed. R. Civ. P., Rule 4(c) (summons shall be served with copy of the complaint)."  (Order (Doc. 24) at 2.) The Court ordered: "[T]he Plaintiff shall obtain a Summons from the Clerk of the Court for Prestige Horizons, Granite Hobbs, and Todd R. Johnson and serve each with a Summons and copy of the Second Amended Complaint." *Id.* at 3.

The Court extended the Time for Service one last time for 45 days, with the directive that "NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED." *Id.* at 3. The Court ordered that if Plaintiff failed to affect service "pursuant to the directives of this Order" and file proofs of such service with this Court within 45 days, "[t]his case may be subject to dismissal without further notice. *Id.* at 4.

The Plaintiff has now filed the proofs of service on the Defendants (Doc. 28-30) and an Affidavit (Doc. 31) which proports to seek a Default Judgment. First, entry of a default is warranted, if after service, the Defendants have failed to plead or otherwise defend against Plaintiffs' claims. Fed. R. Civ. P. 55(a). After default is entered, the Court may enter Default Judgment, if Plaintiff's claim is for a sum certain or can be made certain by computation. Fed. R. Civ. P. 55(b). Here, the Court cannot enter either the default or a default judgment because the proofs of service show only that Plaintiff served the Summons on the Defendants, not the Second Amended Complaint.

**Accordingly,**

**IT IS ORDERED** that the Affidavit (Doc. 31) shall be treated like a Motion for Entry of Default and DENIED.

**IT IS FURTHER ORDERED** that within 21 days of the filing date of this Order, the Plaintiff shall show good cause for why he did not serve the Second Amended Complaint on the Defendants, simultaneously, with the Summons.

**IT IS FURTHER ORDERED** that failure to show good cause for non-compliance with the directive of this Court to comply with the Federal Rules of Civil Procedure, Rule 4(c)(1) shall result in dismissal of this action without further notice to the Plaintiff.

Dated this 25th day of August, 2020.

David C. Bury
United States District Judge