**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harvey Lloyd Hayden, | No. CV-19-00335-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Prestige Horizons, et al., | |
| Defendants. | |

    This case was filed on June 28, 2019. A First Amended Complaint was filed on July 12, 2019. Neither was properly served. On June 25, 2020, the Court granted the Plaintiff leave to file a Second Amended Complaint, explained how to properly serve the Defendants and how to properly caption the filing as a Second Amended Complaint. "To the right side of the caption . . . , the Plaintiff should write what his document is: Motion for . . . or Notice to . . . , Complaint or in this case Second Amended Complaint, or Response, or Reply." (Order (Doc. 25) at 1.) The Court reiterates the instructions regarding captioning the documents he files because he continues to caption every document as: "Complaint."

    In the First Amended Complaint, the Plaintiff alleges he owns a motor home valued at $116,000, and entered into an agreement with Defendant Prestige Horizons, owned by Defendant Hobbs and Johnson, for them to sell the motor home. Defendants agreed to pay the monthly loan payments, insurance, and for repairs, until the motor home was sold. Through an allegedly fraudulent transfer of title, the motor home is no

longer in possession of the Plaintiff, but he has been forced to pay the loan since May, 2019. (Second Amended Complaint (Doc. 25)).

Plaintiff seeks damages for breach of contract in the amount of 17 months of loan payments ($966.32/month) for $16,427.44; the payoff balance of the loan for $114,548.36; late fees of $96.64; travel expenses $865.00; court costs, including the filing fee and cost of service, for $942.77, and attorney fees of $1,693.00. (Doc. 36.)

On September 29, 2020, the Plaintiff filed a document which he again captioned Complaint. (Doc. 36.) The Clerk of the Court docketed it as a Notice because it is responsive to the Order to Show Cause why he has not completed service on the Defendants. He explains that proper service was made, but the process server failed to complete the Proofs of Service to reflect that a copy of the Second Amended Complaint was served with the Summons on the Defendants. Again, the Court directs the Plaintiff to stop captioning documents as: "Complaint." The legal significance of this caption reflects that a document is a pleading, which has the unique legal significance of being a pleading setting out the factual and legal basis for a case. It is a document which either opens a new case or acts to amend the opening pleading in a case.

The record reflects that the Plaintiff has served the Summons and a copy of the Second Amended Complaint on the three Defendants in this case. (Doc. 35.) Prestige Horizons was served via the Corporation Commission on July 31, 2020. Granite Hobbs was served by leaving the service materials with an adult over the age of 18 and the materials were also mailed to him at his last known address. (Doc. 34.) Defendant Todd Johnson was served the same way on July 24, 2020. (Doc. 33.) The Defendants have failed to plead or otherwise defend. That failure being shown on the record, the Clerk of the Court shall enter the Defendants' default. (Fed. R. Civ. R.55(a)).

Neither the Clerk of the Court nor this Court may enter Default Judgment for the Plaintiff until he complies with Fed. R. Civ. P. 55(b). The Plaintiff must file a document captioned Motion for Entry of Default Judgment, not a "Complaint." He shall attach to the Motion for Entry of Default Judgment an affidavit showing the amounts due.

Subsequently, if the amount shown is a sum certain, the Clerk of the Court shall enter the Default Judgment. Fed. R. Civ. P. 55(b)(1). If an accounting to determine the exact amount of the judgment is necessary, the Court shall enter the Default Judgment, pursuant to Rule 55(b)(2).

**Accordingly,**

**IT IS ORDERED** that the Clerk of the Court shall enter the default of the Defendants into the Court's record.

**IT IS FURTHER ORDERED** that the Plaintiff shall have 21 days from the entry of this Order to file a Motion for Entry of a Default Judgment, and affidavit, in compliance with Fed. R. Civ. P. 55(b).

Dated this 6th day of October, 2020.

David C. Bury
United States District Judge