**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harvey Lloyd Hayden, | No. CV-19-00335-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Prestige Horizons, et al., | |
| Defendants. | |

On June 28, 2019, the Plaintiff filed this action, and filed the Second Amended Complaint (Doc. 25) on June 25, 2020. He alleges the Defendants breached contractual provisions by taking possession of his motorhome under the auspices of selling it for him and, instead, failed to make the motorhome loan payments during the pendency of the agreement causing Plaintiff to incur monthly motorhome loan payments in the amount of $17,393.76 and $96.64 in loan related late fees. Defendants caused his motorhome to be taken out of state and his title transferred to another owner without his permission and without payment of the loan, leaving a balance due on the motorhome of $114,046.74. Plaintiff has also incurred, $865.00 in travel expenses, $1,693.00 in attorney fees, and $944.77 in court costs. (Second Amended Complaint SAC) (Doc. 25); (Motion for Default Judgment and Affidavit (Doc. 39)).

The Plaintiff served the Second Amended Complaint and Summons on Defendants Todd R. Johnson (Doc. 33), Granite Hobbs (Doc. 34), and Prestige Horizons (Doc. 35). On October 6, 2020, the Court ordered, and the Clerk of the Court entered, default against

these Defendants in favor of the Plaintiff. (Docs. 37, 38.) The Plaintiff now seeks entry of a Default Judgment in a sum certain reflecting the total losses above of $135,039.91.

Federal Rule of Civil Procedure 55(b) provides that a plaintiff is entitled to default judgment by the Clerk where the "claim is for a sum certain or a sum that can be made certain by computation" or by the Court in all other cases.

A claim is not for a "sum certain" merely because it is for a specific amount. A contrary holding would permit almost any unliquidated claim to be transformed into a claim for a sum certain merely by placing a monetary amount on the item of claimed damage even though such amount has not been fixed, settled, or agreed upon by the parties and regardless of the nature of the claim. *Beyerle Sand & Gravel, Inc. v. Martinez*, 118 Ariz. 60, 63 (App. 1977) (internal citation omitted), *see also Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 928–29 (9th Cir. 2004) (concluding a claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default).

When a party applies for default judgment with the Court or the Clerk refers the motion to the Court, the Court "may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); LCivR 55(b)(2).

Federal Rule of Civil Procedure 55 "gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (citing Fed. R. Civ. P. 55(b)(2)). The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *Id.* at 917-18 (citation omitted). The decision whether to enter default judgment is within the Court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In evaluating the propriety of default judgment, the Court is guided by seven non-exclusive factors: 1) the possibility of prejudice to the plaintiff, 2)

the merits of plaintiff's substantive claim, 3) the sufficiency of the complaint, 4) the sum of money at stake in the action, 5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and 7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471-72.

Here, all the factors cut in favor of granting a default judgment for the Plaintiff, except for the strong policy in favor of decisions on the merits. First, the Plaintiff will suffer prejudice if default judgment is not entered because Plaintiff is without other recourse for recovery. Second and third, the Plaintiff has pleaded facts, circumstances, and elements of a meritorious claim against the Defendants which entitle the Plaintiff to relief.

Fourth, the money at stake is proportional to the harm caused by defendant's conduct. The amount at stake is directly related to the amounts paid by Plaintiff on the motorhome loan, including monthly payments and late charges, and the balance that remains due on the loan because of the alleged breach of contract by the Defendants. The Court does not award attorney fees or travel expenses because the Plaintiff does not explain how these costs were calculated. He is proceeding here pro se.

The fifth factor weighs the possibility of a dispute regarding any material facts in the case, but Defendants have not responded so the well-pleaded facts in Plaintiff's complaint are taken as true, except for those alleging damages. In light of the contractual nature of the claim against the Defendants and because of the sum certain amounts owed on the motorhome loan, there is little to no likelihood of a dispute concerning material facts with the action or damage award, especially where no contrary evidence has been introduced. Therefore, the fifth factor weighs in favor of default judgment. Sixth, Plaintiff has shown proper service on Defendants and there is no evidence that the failure to respond to the complaint might be the result of excusable neglect.

As noted above, only the seventh factor, the policy favoring a decision on the merits, weighs in against entering a default judgment, but this is not sufficient alone to overcome the weight of the other factors, especially where Defendants' failure to respond makes a decision on the merits impractical.

Having reviewed the motion and record in light of the *Eitel* factors, the Court finds the entry of default judgment appropriate in this case without oral argument or an evidentiary hearing.

**Accordingly,**

**IT IS ORDERED** that the Motion for Entry of Default Judgment (Doc. 39) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment for Plaintiff and against Defendants, jointly and severally, in the amount of $132,481.91.

Dated this 22nd day of October, 2020.

David C. Bury
United States District Judge